**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
RATES TECHNOLOGY, INC.,

                                 Plaintiffs,                    **DEFENDANTS'**
                                                                              **ANSWER AND**
                   -against-                                 **COUNTERCLAIMS**

                                                                              Index No. 08 CV 5782

CORDIA CORPORATION,
VOszIP CORP., and CORDIAIP CORP.,

                                   Defendants.
-------------------------------------------------------------------X

    Defendants CORDIA CORPORATION, VOszIP CORP., and CORDIAIP CORP., by their attorney, Todd Wengrovsky, for their Answer, Affirmative Defenses and Counterclaims, state as follows:

    1. Defendants admit the allegations of Paragraph 1 of the Complaint.

    2. Defendants admit the allegations of Paragraph 2 of the Complaint.

    3. Defendants admit the allegations of Paragraph 3 of the Complaint.

    4. Defendants admit the allegations of Paragraph 4 of the Complaint.

    5. Defendants admit the allegations of Paragraph 5 of the Complaint.

    6. Defendants admit the allegations of Paragraph 6 of the Complaint.

    7. Defendants admit the allegations of Paragraph 7 of the Complaint relative to VOszIP and CORDIAIP Corp., but deny the allegation relative to CORDIA CORP.

    8. Defendants deny each and every allegation of Paragraph 8 of the Complaint.

    9.  Defendants admit the allegations of Paragraph 9 of the Complaint.

    10. Defendants deny each and every allegation of Paragraph 10 of the Complaint.

    11. Defendants admit the allegations of Paragraph 11 of the Complaint.

"FIRST CAUSE OF ACTION FOR PATENT INFRINGEMENT" SECTION OF COMPLAINT

12. Defendants repeat and incorporate by reference its replies in Paragraphs 1 through 11 herein inclusive.

13. Defendants admit the allegations of Paragraph 13 that relate to the status of the patent, but deny that the patent was duly issued.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny each and every allegation of Paragraph 15 of the Complaint.

16. Defendants deny each and every allegation of Paragraph 16 of the Complaint.

17. Defendants deny each and every allegation of Paragraph 17 of the Complaint.

18. Defendants deny each and every allegation of Paragraph 18 of the Complaint.

19. Defendants admit the allegations of Paragraph 19 that relate to communications between the parties, but deny that Defendants refused to settle the matter.

"SECOND CAUSE OF ACTION FOR PATENT INFRINGEMENT" SECTION OF COMPLAINT

20. Defendants repeat and incorporate by reference its replies in Paragraphs 1 through 19 herein inclusive.

21. Defendants admit the allegations of Paragraph 21 that relate to the status of the patent, but deny that the patent was duly issued.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny each and every allegation of Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation of Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation of Paragraph 25 of the Complaint.

26. Defendants deny each and every allegation of Paragraph 26 of the Complaint.

27. Defendants admit the allegations of Paragraph 27 that relate to communications between the parties, but deny that Defendants refused to settle the matter.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Answering further, Defendants raise the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants have not infringed United States Patent Number 5,425,085 and have not infringed United States Patent Number 5,519,769.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Patents are invalid, void and unenforceable because:

a. Plaintiffs' Patents describe and claim alleged inventions, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

Defendants aver that the subject matter claimed in said patents fails to comply with Title 35 § 102 and § 103 of the United States Code in that the differences between the subject matter claimed in such patents and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject matter pertains.

    b.  Plaintiffs' Patents do not contain written descriptions of the invention, and the manner and process of making and using them, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the inventions purported to be covered thereby.

    c.  Plaintiffs' Patents do not adequately set forth the best mode contemplated by the inventor of carrying out the inventions purported to be covered thereby.

    d.  The claims of Plaintiffs' Patents are fatally vague and indefinite, and therefore invalid and void, because they do not particularly point out and distinctly claim the subject matter of the alleged inventions, as required by title 35, § 112 of the United States Code.

    e.  Upon information and belief, Plaintiffs' Patents were obtained by fraud in that the applicant intentionally made false and misleading statements to the Patent Examiner.

    f.  Upon information and belief, Plaintiffs' Patents were obtained by fraud in that the applicant failed to call to the attention of the Patent Examiner prior art public knowledge and uses of which he had knowledge and over which the alleged inventions were not patentable.

    Other particulars with respect to the grounds of patent invalidity above set forth will be furnished to Plaintiffs in writing by Defendants at least thirty (30) days before the trial of this case in

compliance with Title 35 § 282 of the United States Code. Any additional grounds of invalidity of said patents of which Defendants may hereinafter learn will be brought to Plaintiffs' notice by appropriate proceedings.

## FOURTH AFFIRMATIVE DEFENSE

Defendants aver that, by reason of proceedings taken in the United States Patent and Trademark Office during the prosecution of the applications for the Plaintiffs' Patents, the claims of the Plaintiffs' Patents are limited and restricted by their terms and the prior art and are made so by limitations and restrictions made therein under the requirements of the Commissioner of Patents and Trademarks during the proceedings in the Patent and Trademark Office while the application for said patents were pending, to the extent that Plaintiffs are now estopped from maintaining said patents to be of such scope as to cover or embrace any products being made, used or sold by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendants independently designed and invented the products in question.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Patent and Trademark Office Examiner failed to cite pertinent prior art as references and thus the presumption of validity of the Plaintiffs' Patents provided in Title 35 § 282 of the United States Code is greatly weakened or destroyed.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of waiver and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants had no knowledge that any of their activities constituted infringement and thus their actions were innocent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering statutory damages or attorney's fees pursuant to 35 U.S.C. 101, et seq.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the content at issue in this case is not the subject of valid patents.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of acquiescence.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

**WHEREFORE**, Defendants respectfully request this Court to grant judgment in its favor, order all claims of the Complaint dismissed with prejudice, award Defendants all costs, expenses, disbursements and fees incurred herein, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

DEFENDANTS' COUNTERCLAIMS

DEFENDANTS' FIRST COUNTERCLAIM

1. Defendant / Counterclaimant CORDIA CORP. is a Nevada corporation with a principal place of business at 13275 W. Colonial Drive, Winter Garden, FL 34787.

2. Defendant / Counterclaimant VOszIP CORP. is a Nevada corporation with a principal place of business at 13275 W. Colonial Drive, Winter Garden, FL 34787.

3. Defendant / Counterclaimant CORDIAIP CORP. is a Nevada corporation with a principal place of business at 13275 W. Colonial Drive, Winter Garden, FL 34787.

4. Plaintiff / Counterclaim Defendant Rates Technology, Inc. is a Delaware corporation with a principal place of business at 50 Route 111, Suite 210, Smithtown, NY 11787.

5. Jurisdiction of these counterclaims arises under the Declaratory Judgments Act, 28 U.S.C. Sections 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. Section 1338(a).

6. There is a justiciable controversy between the parties concerning the validity and scope of the Plaintiffs' United States Patent Number 5,425,085 and Defendants' alleged liability for infringement thereof.

7. This counterclaim is brought for a Declaratory Judgment that the Plaintiff's patent and each claim thereof, are not infringed, are invalid, void and unenforceable.

8. Counterclaimant avers that the patent is unenforceable against them.

9. Plaintiff, having instituted this infringement suit against Defendants, could, with the approval of this Court, dismiss this suit without an adjudication of the patent, thereby leaving Defendants and other members of the industry subject to further litigation.

10. Defendants, denying infringement of the patent, aver that unless they are found to infringe same or the patent is adjudged invalid, void and unenforceable, Defendants and other members of the industry will have efforts to sell their products unfairly frustrated.

### DEFENDANTS' SECOND COUNTERCLAIM

11. Counterclaimant repeats and incorporates by reference its replies in Counterclaim Paragraphs 1 through 10 herein inclusive.

12. Jurisdiction of these counterclaims arises under the Declaratory Judgments Act, 28 U.S.C. Sections 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. Section 1338(a).

13. There is a justiciable controversy between the parties concerning the validity and scope of the Plaintiffs' United States Patent Number 5,519,769 and Defendants' alleged liability for infringement thereof.

14. This counterclaim is brought for a Declaratory Judgment that the Plaintiff's patent and each claim thereof, are not infringed, are invalid, void and unenforceable.

15. Counterclaimant avers that the patent is unenforceable against them.

16. Plaintiff, having instituted this infringement suit against Defendants, could, with the approval of this Court, dismiss this suit without an adjudication of the patent, thereby leaving Defendants and other members of the industry subject to further litigation.

17. Defendants, denying infringement of the patent, aver that unless they are found to infringe same or the patent is adjudged invalid, void and unenforceable, Defendants and other members of the industry will have efforts to sell their products unfairly frustrated.

**WHEREFORE**, Defendants respectfully request this Court to enter a final judgment:

(a) Declaring that the complaint fails to state any claim on which relief can be granted;

(b) Awarding Plaintiffs nothing on the Complaint and dismissing with prejudice;

(c) Declaring that Defendants' manufacture, distribution, promotion, and sale of its products do not violates any rights under the Patent Act on the grounds that United States Patents 5,425,085 and 5,519,769 are invalid, void and/or that the Defendants' products do not infringe;

(d) Directing the Director of Patents and Trademarks to invalidate and cancel United States Patents 5,425,085 and 5,519,769.

(e) Reasonable attorneys' fees and costs; and

(f) Such other relief as is determined to be just and proper.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all issues for which a jury trial is permitted.

Dated:  Calverton, New York.
        August 13, 2008

                                                    /s/ Todd Wengrovsky
                                                    Todd Wengrovsky - TW4823
                                                    Law Offices of Todd Wengrovsky, PLLC.
                                                    285 Southfield Road, Box 585
                                                    Calverton, NY 11933
                                                    Tel (631) 727-3400
                                                    Fax (631) 727-3401
                                                    *Attorney for Defendants*

To: Robert L. Epstein, Esq.
    Epstein Drangel Bazerman & James LLP
    60 E. 42nd Street Rm 820
    New York, NY 10165
    *Attorneys for Plaintiff*