UNITED STATES DISTRICT COUT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

RATES TECHNOLOGY INC.

    Plaintiff

v.

CORDIA CORPORATION,
VOszIP CORP., and CORDIAIP CORP.,

    Defendants

------------------------------X

Civil Action No.
1:08-CV-05782 (WHP)

## PLAINTIFF'S REPLY TO COUNTERCLAIMS

Plaintiff, Rates Technology Inc., through its attorneys responds to the counterclaims of defendants Cordia Corporation, VOszIP Corp., and CordiaIP Corp. as follows:

With respect to Defendants' First Counterclaim:

1. Plaintiff admits the allegations of Paragraph 1.

2. Plaintiff admits the allegations of Paragraph 2.

3. Plaintiff admits the allegations of Paragraph 3.

4. Plaintiff admits the allegations of Paragraph 4.

5. Plaintiff admits the allegations of Paragraph 5.

6. Plaintiff admits the allegations of Paragraph 6.

7. Plaintiff is without knowledge or information sufficient to form a belief to the truth of the allegations contained in Paragraph 7 and therefore denies same and puts defendants to their proof thereof, as plaintiff cannot ascertain why this counterclaim is

1

brought, as the counterclaim does not include an allegation that U.S. Patent No. 5,425,085 is not infringed, is invalid or is void.

8. Plaintiff denies the allegations of Paragraph 8.

9. Plaintiff admits the allegations of Paragraph 9.

10. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies same and puts defendants to their poof thereof, as plaintiff denies that defendants and other members of the industry will have efforts to sell their products unfairly frustrated unless defendants are found to infringe U.S. Patent No. 5,425,085 or that patent is adjudged invalid, void and enforceable.

With respect to Defendants' Second Counterclaim:

11. Plaintiff repeats and incorporates by reference its responses to Paragraphs 1-10 of Defendants' First Counterclaim as if same were set forth fully herein but denies that Paragraphs 1-10 of Defendants' First Counterclaim constitute "replies" to any allegations of the Complaint.

12. Plaintiff admits to the allegations of Paragraph 12.

13. Plaintiff admits to the allegations of Paragraph 13.

14. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies same and puts defendants to their proof thereof, as plaintiff cannot ascertain why this counterclaim is brought, as the counterclaim does not include an allegation that Patent No. 5,519,769 is not infringed, is invalid or is void.

15. Plaintiff denies to the allegations of Paragraph 15.

16.  Plaintiff admits the allegations of Paragraph 16.

17.  Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies same and puts defendants to their poof thereof, as plaintiff denies that defendants and other members of the industry will have efforts to sell their products unfairly frustrated unless defendants are found to infringe Patent No. 5,519,769 or that patent is adjudged invalid, void and enforceable.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Responding further, Plaintiff asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendants' First Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' Second Counterclaim fails to state a claim upon which relief can be granted.

WHEREFORE, in addition to the relief sought in the Complaint, Plaintiff prays that this court enter a final judgment:

(a)  Declaring that Defendants' First Counterclaim fails to state any claim on which relief can be granted and dismissing same with prejudice;

(b)  Declaring that Defendants' Second Counterclaim fails to state any claim on which relief can be granted and dismissing same with prejudice;

    (c)    Dismissing Defendants' Final Counterclaim, with prejudice;

    (d)    Dismissing Defendants' Second Counterclaim, with prejudice; and

    (e)    Awarding Plaintiff attorneys' fees and costs;

    (f)    Awarding Plaintiff such other relief as is determined to be just and proper.

Dated: August 28, 2008

EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

By: _____
Robert L. Epstein, Esq. (RE 8941)
60 East 42nd Street, Suite 820
New York, New York 10165
Tel. No.: (212) 292 5390
Fax. No.: (212) 292-5391

Attorneys for Plaintiff Rates Technology Inc.